IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-40224

---

STEVEN LOWE,

                                        Plaintiff-Appellant,

        versus

JOHN GABRIEL CASARES, Individually, and
In his Official Capacity as Safety Officer
for the City of Corpus Christi Police
Department, ET AL.,

                                        Defendants,

NUECES COUNTY, TEXAS,

                                        Defendant-Appellee.

---

Appeal from the United States District Court for the
Southern District of Texas
(CA-94-CV-234)

---

December 3, 1996
Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

        Having considered the briefs and the relevant portions of the

record, this Court concludes that the district court properly

---

        [*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

granted the motion for summary judgment of defendant-appellee Nueces County. For the reasons orally stated by the district court, we agree that there was no summary judgment evidence which would sustain a finding that any of the claimed deficiencies in training or hiring policy on the part of the County amounted to deliberate indifference to the constitutional rights of its residents as required by *City of Canton v. Harris*, 109 S.Ct. 1197 (1989). Nor has an adequate nexus been shown between the alleged training or hiring inadequacy and the injury suffered, as required by *City of Canton*. *See also City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 2436 (1985). As Munson was released from his position as reserve deputy constable and was prosecuted by the Nueces County district attorney, and as there was an investigation into the incident, albeit not by the precinct one constable, *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), is not in point. The judgment of the district court is accordingly

AFFIRMED.